# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ELMER,<br><br>    Plaintiff,<br><br>    v.<br><br>HINKLEY, et al.,<br><br>    Defendants. | Case No. 1:24-cv-00871-SAB<br><br>ORDER RE PLAINTIFF'S NOTICE REGARDING THE STATUS OF SERVICE<br><br>(ECF No. 16)<br><br>**FEBRUARY 3, 2025 DEADLINE** |

On January 2, 2025, Plaintiff, through counsel, filed a "notice regarding the status of service: Plaintiff's response to order to show cause." (ECF No. 16.)

As an initial matter, there is no outstanding order to show cause to which a response by Plaintiff is required. Rather, on December 3, 2024, the Court *sua sponte* granted Plaintiff an extension of time to January 2, 2025 to effectuate service of the original complaint.[1] (ECF No. 13.) Therein, the Court expressly cautioned Plaintiff that:

> if he does not (1) file proofs of service of the summons and complaint on the named defendants; (2) file a motion supported by good cause for an additional extension of time for service for an appropriate period pursuant to Rule 4(m); or (3) file a motion for an alternative manner of service [by January 2, 2025], the Court will issue findings and recommendations recommending that this action be dismissed for failure to complete service and failure to obey a court order.

---

[1] The Court notes that after it granted an extension of time to serve the named defendants in the original complaint filed on July 30, 2024, Plaintiff filed a first amended complaint on December 6, 2024 against Defendants Christian Pfeiffer, Rob St. Andre, Hinkley, Chitwood, B. Wheeler, and other fictitious individuals. (ECF No. 14.)

1 (Id. at 2.)  It is unclear which of the three categories, if any, Plaintiff's notice falls under.

2       In his January 2, 2025 notice, Plaintiff represents that he attempted service of the
3 amended complaint on the five named Defendants via certified mail to Wasco State Prison, High
4 Desert State Prison, and CDCR's Office of Legal Affairs.  (ECF No. 16 at 2.)  Plaintiff attaches a
5 printout of a webpage from the United States Postal Service.  (ECF No. 16-1 at 2.)  The only
6 information contained on the document is that an item with a tracking number was delivered to
7 an unspecified P.O. Box on December 13, 2024.  Plaintiff represents the document is a "true and
8 correct copy of the United States Postal Service Receipt Stamp showing the CDCR received and
9 accepted PLAINTIFF's service on December 13, 2024."  (ECF No. 16 at 2 (unedited).)  Plaintiff
10 proffers that CDCR's Office of Legal Affairs has not informed Plaintiff that it has rejected
11 service and Plaintiff therefore considers service effective as of December 13, 2024.  (Id. at 3.)
12 Plaintiff also attaches letters signed by litigation coordinators at Wasco State Prison and High
13 Desert State Prison rejecting Plaintiff's attempted service on Defendants Pfeiffer and St. Andre
14 as improper.  (ECF No. 16; ECF No. 16-1 at 3-6.)

15       Plaintiff states he "has secured service on two defendants."  (ECF No. 16 at 4.)  It is
16 unclear which Defendants Plaintiff believes he has properly served.  The Court will not
17 independently construe rejection letters for improper service as proof of service on Defendants
18 Pfeiffer and St. Andre.  Neither does the Court accept a printout of the United States Postal
19 Service website listing that an unspecified item was delivered to an unspecified P.O. Box as
20 proof of service of the summons and complaint on unspecified defendants.  As previously
21 ordered by the Court (ECF No. 5 at 1), Plaintiff must file proof of service of the summons and
22 complaint on each named Defendant in this action.

23       Plaintiff also "requests that if it should be determined service has not been affected per
24 FRCP 4, this court order that service upon the defendants be made by a United States marshal or
25 deputy marshal per FRCP 4(c)."  (ECF No. 16 at 4 (unedited).)  First, the Court declines to issue
26 an advisory opinion as to whether service on any Defendant has been properly effectuated.
27 Plaintiff, who is proceeding through a licensed attorney, is the party prosecuting this action.
28 Ensuring service on all defendants, which includes researching proper service methods, is

Plaintiff's responsibility. If Plaintiff believes any Defendant has been properly served, he must promptly file proofs of service of the summons and complaint so the Court has a record of service. Alternatively, if Plaintiff cannot effectuate service on one or more defendants through reasonable diligence, Plaintiff must file a motion requesting proper relief.

To the extent that Plaintiff's notice is a motion for alternative service on unspecified Defendants by the United States Marshals Service, the Court denies the request. "At the plaintiff's request, the court *may* order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3) (emphasis added). Courts are only required to order such service "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916." Fed. R. Civ. P. 4(c)(3). Here, Plaintiff paid the filing fee and does not otherwise proffer he is a seaman within the meaning of 28 U.S.C. § 1916. The Court is therefore not required to order service by the United States Marshals Service. The Court declines to exercise its discretion to order such an extreme manner of service. Based upon the limited information before the Court, Plaintiff has attempted to serve each defendant one time via mail. Two defendants have informed Plaintiff that such manner of service is improper. Plaintiff offers no explanation why he cannot effectuate service on a particular Defendant himself, nor does he proffer why assistance from the United States Marshals Service is necessary. As previously stated, prosecution of this action, including proper service of Defendants, is Plaintiff's responsibility. The Court declines to impose Plaintiff's burden on the United States Marshals Service.

In sum, Plaintiff's January 2, 2025 notice cannot be construed as proof of service on any named Defendant in this action. Plaintiff also fails to move for additional time to properly serve any Defendant pursuant to Rule 4(m). Further, to the extent Plaintiff's notice requests that the Court grant alternate service by ordering that the United States Marshals Service serve an unidentified Defendant in this action, the Court denies the request for the foregoing reasons.

Although Plaintiff, through counsel, insists he is diligently prosecuting this action, Plaintiff fails to provide a sufficient proffer of diligence or make a request for proper relief. This Court is one of the busiest courts in the nation. It is not a proper function of this Court to educate

parties on the applicable rules. The Court expects that counsel will be familiar with the Federal Rules of Civil Procedure, this Court's Local Rules, and previous orders by the Court, and will cite to them in future filings.

Because Plaintiff has reiterated his intent to prosecute this action and has recently filed an amended complaint adding new defendants, the Court will grant Plaintiff **one final opportunity** to comply with Rule 4(m) and the Court's prior orders.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's summary request for service by the United States Marshals Service is DENIED;

2. No later than **February 3, 2025**, Plaintiff shall file:

    (a) proofs of service of the summons and complaint on the named Defendants which have been served pursuant to Rule 4;

    (b) a motion <u>supported by good cause</u> for an additional extension of time for service for an appropriate period pursuant to Rule 4(m); and/or

    (c) a motion for an alternative manner of service supported by good cause and proper authorities.

3. **<u>Should Plaintiff fail to comply with this order, the Court will issue findings and recommendations recommending that this action be dismissed for failure to complete service and failure to obey a court order</u>**.

IT IS SO ORDERED.

Dated:   **January 3, 2025**

STANLEY A. BOONE
United States Magistrate Judge