1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11  JOHN ELMER,                                          Case No. 1:24-cv-00871-SAB

12            Plaintiff,                                 ORDER REQUIRING PLAINTIFF TO FILE
                                                         VOLUNTARY DISMISSAL OF
13       v.                                              DEFENDANT HINKLEY OR REQUEST
                                                         EXTENSION OF TIME TO SERVE
14  HINKLEY, et al.,                                     DEFENDANT HINKLEY

15            Defendants.                                **MARCH 7, 2025 DEADLINE**

16

17        Plaintiff commenced this action on July 30, 2024.  (ECF No. 1.)  On January 21, 2025,

18  Plaintiff filed proofs of service indicating that service had been effectuated on all defendants,

19  including Defendant Hinkley.  (ECF No. 19.)  On February 14, 2025, in preparation of the March

20  11, 2025 scheduling conference, the Court ordered that Plaintiff request entry of default against

21  any non-responsive defendant no later than February 26, 2025.  (ECF No. 20.)  Defendants

22  Chitwood and B. Wheeler filed their answer on February 21, 2025. (ECF No. 21.)  On February

23  27, 2025, Plaintiff voluntarily dismissed two defendants from this action (ECF Nos. 22, 23),

24  leaving Hinkley, Chitwood, and B. Wheeler as the only remaining defendants.  The scheduling

25  conference in this matter is currently set for March 11, 2025.  (ECF No. 9.)  Defendant Hinkley

26  has not filed a responsive pleading, and Plaintiff has not requested entry of default.

27        On March 4, 2025, Plaintiff, Chitwood, and B. Wheeler filed their joint Rule 26(f)

28  scheduling report.  (ECF No. 24.)   Therein, Defendants Chitwood and B. Wheeler note that

1    Hinkley "remain[s] unserved."  (Id. at 2.)  Plaintiff confirms that he "is still attempting to serve

2    Defendant Hinkley."  (Id. at 3.)

3         Multiple orders have issued in this action addressing Plaintiff's failure to serve Defendants

4    in the 218 days since Plaintiff commenced this action.  (See ECF Nos. 6, 7, 9, 13, 17, 20.)  Despite

5    filing proof of service on January 21, 2025, and no request for extension of time in the interim,

6    Plaintiff represents that Defendant Hinkley still has not been properly served.  No explanation for

7    the lack of service is provided nor does Plaintiff provide a proposed date by which Defendant

8    Hinkley will be served.  The Court finds it imprudent to conduct the mandatory scheduling

9    conference until all known defendants have appeared or default has been entered against those that

10   have not.  Plaintiff has repeatedly been reminded that extensions of time to serve must be requested

11   and supported by good cause. Fed. R. Civ. P. 4(m).  No request for an extension of time has been

12   filed and no good cause is readily apparent to the Court to, once again, sua sponte grant an

13   extension of time to effectuate service.

14        Accordingly, the Court shall require that **no later than March 7, 2025,** Plaintiff SHALL

15   either (1) file a notice of voluntary dismissal of Defendant Hinkley, or (2) a request a final brief

16   extension of time, supported by good cause, with a specific date by which Defendant Hinkley will

17   be served.  Failure to comply with this order will result in the recommendation that Defendant

18   Hinkley be dismissed from this action for failure to complete service.

19

20   IT IS SO ORDERED.

21   Dated:    **March 5, 2025**                      _____

                                                      STANLEY A. BOONE
22                                                    United States Magistrate Judge

23

24

25

26

27

28