# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ELMER, | Case No. 1:24-cv-00871-JLT-SAB |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO PAY $100.00 SANCTION |
| v. | |
| CHITWOOD, et al., | ORDER REQUIRING PLAINTIFF TO PAY SANCTIONS OF $50 PER DAY |
| Defendants. | (ECF Nos. 35, 36) |

## I.

## BACKGROUND

On July 31, 2025, Defendants filed a notice of settlement, informing the Court that a settlement had been reached in the case. (ECF No. 34.) On August 1, 2025, the Court issued an order setting the deadline to file dispositional documents by August 22, 2025 in accordance with Local Rule 160(b) ("Upon such notification of disposition or resolution of an action or motion, the Court shall fix a date upon which the documents disposing of the action or motion must be filed, which date shall not be more than twenty-one (21) days from the date of said notification, absent good cause."). (ECF No. 81.) As of August 25, 2025, dispositional documents had not been filed. Accordingly, the Court issued an order to show cause within three days why monetary sanctions should not issue for the failure to comply with the Court's order to file dispositional documents. (ECF No. 36.) No response to the Court's order to show cause was filed.

**II.**

**LEGAL STANDARD**

The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action.  Fed. R. Civ. P. 1.  To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings.  See, e.g., Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b).  Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases.  Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991).  The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court.  Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980).  In order to coerce a party to comply with the Court's orders, the Court may issue sanctions for every day the party fails to respond to the Court's orders to show cause.  See Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the [party] to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  E.D. Cal. L.R. 110.  Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney."  E.D. Cal. L.R. 184(a).  "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice."  Id.

/ / /

### III.

### DISCUSSION

Plaintiff has repeatedly failed to comply with the Court's orders in this action, most recently, the Court's August 25, 2025 order to show cause for failing to file dispositional documents by August 22, 2025, pursuant to the Court's August 1, 2025 order.  (ECF No. 36.) The Court has already issued an order to show cause in this action and Plaintiff has been sanctioned for failure to respond.  (ECF No. 9.)  In a November 25, 2024 order imposing sanctions, the Court admonished Plaintiff that his failure to comply with the Court's order "is unacceptable and not well-taken. Going forward, the Court admonishes Plaintiff that he must comply with all future court orders." (Id. at 2.) Plaintiff, however, has continued to disregard orders by the Court.  On August 1, 2025, the Court ordered dispositional documents be filed (ECF No. 25) and the Court issued an order to show cause for failure to comply with that order on August 25, 2025 (ECF No. 35).  Given Plaintiff's repeated failures to comply with Court orders despite prior admonishment, the Court finds it appropriate to impose a sanction of $100.00.

A daily sanction shall also be imposed to compel Plaintiff to comply with the Court's order that dispositional documents be filed.  Plaintiff shall pay a sanction of $50.00 for each day that he fails to file dispositional documents or other response to the August 1, 2025 order.  A $50.00 sanction shall be jointly and severally imposed on Plaintiff and counsel for Plaintiff beginning at **5:00 p.m. on September 2, 2025**, and shall continue to be imposed each day thereafter until dispositional documents or another filing addressing the Court's August 1, 2025 order are filed.  Any other filing must include an explanation for Plaintiff's most recent failure to comply with this Court's order and any requests made therein must be supported by good cause. The daily deadline for sanctions shall expire at the close of business each day, 5:00 p.m. (PST).

/ / /

/ / /

/ / /

/ / /

3

**IV.**

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    No later than **September 9, 2025,** Plaintiff and Plaintiff's counsel shall jointly and severally be obligated to pay the Clerk of the Court **$100 via cashier's check** for failure to comply with the Court's August 1, 2025 and August 25, 2025 orders. <u>Failure to pay this sanction will result in the imposition of additional daily sanctions in the amount of $50 per day</u>; and

2.    Plaintiff and Plaintiff's counsel shall jointly and severally be obligated to pay the Clerk of the Court **$50.00 per day via cashier's check beginning at 5:00 p.m. on September 2, 2025**, until dispositional documents or another filing addressing the Court's August 1, 2025 order are filed.

IT IS SO ORDERED.

Dated:    **September 2, 2025**

STANLEY A. BOONE
United States Magistrate Judge

4