# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ELMER,<br><br>    Plaintiff,<br><br>v.<br><br>CHITWOOD, et al.,<br><br>    Defendants. | Case No. 1:24-cv-00871-JLT-SAB<br><br>ORDER OF CONTINUING SANCTIONS, DIRECTING CLERK OF COURT TO REPORT PLAINTIFF'S COUNSEL TO STATE BAR OF CALIFORNIA, AND REQUIRING COUNSEL TO REPORT TO STATE BAR<br><br>ORDER TO SHOW CAUSE WHY PLAINTIFF'S COUNSEL SHOULD NOT BE DISBARRED FROM THE EASTERN DISTRICT OF CALIFORNIA<br><br>ORDER DIRECTING DEFENDANTS TO FILE A STATUS REPORT<br><br>(ECF Nos. 36, 37) |

On July 30, 2024, Plaintiff John Elmer commenced this action. (ECF No. 1.) Following one other order to show cause that resulted in monetary sanctions (ECF Nos. 7, 9), Plaintiff has again failed to comply with an order to show cause and an order imposing sanctions, including a daily monetary sanction. (ECF No. 36, 37.)

## I.

## BACKGROUND

As relevant here, on July 31, 2025, Defendants filed a notice of settlement that indicated that dispositional documents would be filed. (ECF No. 34.) Based on that notice, the Court

1

1  vacated all pending dates and ordered that the parties would have through August 22, 2025, to
2  file dispositional documents. (ECF No. 35.) That date passed, and dispositional documents were
3  not filed. On August 25, 2025, the Court issued an order to show cause, ordering Plaintiff to
4  show cause in writing, by August 28, 2025, why sanctions should not issue for failure to file
5  dispositional documents. The Court explicitly stated that "[f]ailure to comply with this order
6  will result in the issuance of sanctions." (Id.) That date also passed, and Plaintiff failed to
7  respond. On September 2, 2025, the Court issued an order imposing a $100 sanction, as well as
8  a sanction of $50 per day beginning on September 2, 2025, and continuing until dispositional
9  documents or another document was filed addressing the Court's order. (ECF No. 37.) As of the
10 date of this order, Plaintiff has not filed a response to the Court's August 25, 2025 order to show
11 cause or the Court's September 2, 2025 order imposing sanctions.

## II.

## LEGAL STANDARD

The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. See, e.g., Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980). In order to coerce a party to comply with the Court's orders, the Court may issue sanctions for every day that party fails to respond to the Court's orders to show cause. See Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do").

1    Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110.  Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." Local Rule 184(a).  "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." Id.

California Business and Professions Code § 6068(o)(3) imposes a duty upon an attorney to report sanctions over $1,000.00 to the State Bar, and § 6086.7(a)(3) directs courts to notify the State Bar of sanctions over $1,000.00.  Cal. Bus. & Prof. Code §§ 6068(o)(3), 6086.7(a)(3); Rohn v. United States, No. CIV. S-00-1628FCDPAN, 2002 WL 32123927, at *3 (E.D. Cal. Aug. 27, 2002).[1]

### III.
### DISCUSSION

As noted above, Plaintiff has repeatedly not complied with the Court's orders, including the Court's August 25, 2025 order to show cause and the Court's September 2, 2025 order imposing sanctions.  (ECF Nos. 36, 37.)  As of the date of this order, the amount Plaintiff's counsel has accrued is $1850, which is broken down into: $100 for the immediate sanction that was due on September 9, 2025; and $1750, which is calculated as $50 per day for 35 days (sanctions beginning on September 2, 2025, through the date of this order, October 7, 2025).

As Plaintiff has not responded to the Court's orders, the Court does not consider the possibility of a reduction in the calculated amount of sanctions.  Moreover, given that dispositional documents remain outstanding—the basis of the Court's order to show cause—the

---

[1] The Court does not suggest federal courts are *required* to comply with this law, however, the Court finds its direction to be reasonable to adhere to due to principles of comity and the interaction between this Court's own local rules and the State Bar of California and its Rules of Professional Conduct.  See Local Rule 180(e).

Court finds it appropriate to continue the sanction of $50 per day for until dispositional documents or another filing addressing the Court's orders are filed.

Furthermore, at this point, the Court finds it appropriate, based on ethical concerns and comity with the California state courts and the State Bar of California, to report Michale R. Hayden to the State Bar of California, and shall order Mr. Hayden to comply with his own independent obligation to report the sanctions to the State Bar. See Rohn v. United States, No. CIV. S-00-1628FCDPAN, 2002 WL 32123927, at *3 (E.D. Cal. Aug. 27, 2002) ("Pursuant to California Business and Professions Code . . . counsel shall report these sanctions to the California State Bar Association . . . [and the] court shall report the sanctions imposed on counsel to the California State Bar Association."); Leads Club, Inc. v. Peterson, No. CIV. 05CV1717-J JMA, 2008 WL 186504, at *4 (S.D. Cal. Jan. 22, 2008) ("[D]isregard of court orders is wholly inappropriate and unprofessional. Such disregard implicates attorney discipline, an important state interest . . . Since the State of California has an interest in maintaining the integrity of the legal profession and thus, the attorneys that it licenses, they should be aware of [Counsel's] behavior.").

Finally, the Court will require Mr. Hayden to show cause in writing as to why he should not be disbarred from the Eastern District of California.

## IV.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. As of the date of this order, Plaintiff and Plaintiff's counsel are jointly and severally obligated to pay the Clerk of the Court **$1850.00 via cashier's check** for failure to comply with the Court's August 1, 2025, August 25, 2025, and September 2, 2025 orders;

2. Plaintiff and Plaintiff's counsel continue to be jointly and severally obligated to pay the Clerk of the Court **$50.00 per day via cashier's check until dispositional documents or another filing addressing the Court's August 1, 2025 order are filed**;

3. Pursuant to California Business and Professions Code § 6068(o)(3), Counsel Michael R. Hayden shall report these sanctions to the State Bar of California within **thirty (30) days** of the entry of this order;

4. Not later than **forty (40) days** from the entry of this order, Plaintiff's Counsel shall file a declaration attesting that he has reported these sanctions to the State Bar of California;

5. Pursuant to California Business and Professions Code § 6086.7(a)(3), the Clerk of the Court is DIRECTED to report the sanctions imposed on Counsel Michale R. Hayden to the State Bar of California;

6. The Court hereby orders Plaintiff to show cause in writing, no later than **October 21, 2025**, why he should not be disbarred from the Eastern District of California;

7. **<u>Should Plaintiff fail to respond to this order to show cause, the Court will consider imposing further sanctions, including further monetary sanctions and a recommendation that counsel be disbarred from the Eastern District of California</u>**; and

8. Defendants shall have through **October 15, 2025**, to file a status report regarding their communications with Plaintiff and Plaintiff's counsel, as well as their account of the status of the dispositional documents in this matter.

IT IS SO ORDERED.

Dated:   **October 7, 2025**

STANLEY A. BOONE
United States Magistrate Judge

5