# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ELMER,<br><br>            Plaintiffs,<br><br>    v.<br><br>CHITWOOD, et al.,<br><br>            Defendants. | Case No. 1:24-cv-00871-JLT-SAB<br><br>ORDER DIRECTING ATTORNEY JOHN LATHROP TO FILE FOR SUBSTITUTION OF COUNSEL AND A DECLARATION<br><br>ORDER DIRECTING DEFENDANTS TO FILE A DECLARATION<br><br>ORDER STAYING ORDERS TO SHOW CAUSE AND IMPOSING SANCTIONS<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE ORDERS ON ATTORNEY MICHAEL R. HAYDEN<br><br>ORDER DIRECTING ATTORNEY MICHAEL R. HAYDEN TO FILE A RESPONSE<br><br>(ECF No. 39)<br><br>**OCTOBER 17, 2025 DEADLINE**<br>**OCTOBER 28, 2025 DEADLINE** |

On July 31, 2025, Defendants filed a notice of settlement that indicated that dispositional documents would be filed. (ECF No. 34.) Based on that notice, the Court vacated all pending dates and ordered that the parties would have through August 22, 2025, to file dispositional documents. (ECF No. 35.) That date passed, and dispositional documents were not filed. On August 25, 2025, the Court issued an order to show cause, ordering Plaintiff to show cause in writing, by August 28, 2025, why sanctions should not issue for failure to file dispositional

1 documents. The Court explicitly stated that "[f]ailure to comply with this order will result in the
2 issuance of sanctions." (Id.) That date also passed, and Plaintiff failed to respond. On
3 September 2, 2025, the Court issued an order imposing a $100 sanction, as well as a sanction of
4 $50 per day beginning on September 2, 2025, and continuing until dispositional documents or
5 another document was filed addressing the Court's order. (ECF No. 37.)

6       On October 7, 2025, the Court issued an order of continuing sanctions, an order to show
7 cause as to why Plaintiff's counsel Michael R. Hayden should not be disbarred from the Eastern
8 District of California, and an order directing Defendants to file a status report regarding their
9 communications with Plaintiff's counsel, as well as the status of the dispositional documents.
10 (ECF No. 38.) The Court also directed the Clerk to report its monetary sanction against Attorney
11 Hayden to the State Bar of California. (Id.)

12       On October 8, 2025, Defendants and attorney John Lathrop filed a stipulation of
13 dismissal (with no further explanation). John Lathrop has not filed a notice of appearance nor a
14 substitution of counsel on behalf of Plaintiff. Thus, it does not appear that Mr. Lathrop at this
15 moment has authority to act on his client's behalf. Accordingly, the Court will direct Attorney
16 Lathrop to file a substitution of counsel form before accepting the stipulation and closing this
17 matter.

18       However, that still leaves the issue of Plaintiff's apparent former counsel Attorney
19 Hayden. According to a declaration from Defendants filed on October 9, 2025, on August 19,
20 2025, Attorney Hayden informed Defendants that he was no longer with the law firm Unite the
21 People and that there would be new counsel from the firm representing Plaintiff. (ECF No. 40,
22 p. 2.) On August 20, 2025, Adrienne Lindsay[1] from Unite the People informed Defendants that
23 the law firm had not yet received executed settlement documents from Plaintiff. (Id.) According
24 to Defendants, it was their understanding that Lindsay had stated that the law firm would file a
25 request with the Court for an extension of time to file dispositional documents. (Id.) No
26 extension was filed, and on August 25, 2025, the Court issued its first order to show cause,
27
28 [1] Defendants did not indicate Adrienne Lindsay's relationship to the law firm.

1 which was served on Attorney Hayden but to his almost-certain defunct email with the firm.
2 (Id.)  Because of that fact, Defendants state that they forwarded the Court's order to Lindsay on
3 August 25, 2025.  (Id. at p. 3.)  Indeed, Defendants state that they forwarded all the Court's
4 orders to Lindsay due to Attorney Hayden no longer working at the law firm.  (Id.)

5      Taking Defendants' declaration as true, the Court is at a loss of words regarding the
6 behavior of the law firm Unite the People in letting multiple orders to show cause and sanctions
7 accumulate against a former attorney while not simply having another attorney appear on behalf
8 of Plaintiff or filing anything on the docket otherwise.  **This led to the Court imposing**
9 **monetary sanctions that have now been reported to the State Bar of California against**
10 **Attorney Hayden**.  To be sure, Attorney Hayden retains some level of culpability insofar as not
11 ensuring a substitution or filing a notice of withdrawal in this matter.  But it remains to be seen
12 whether Attorney Hayden has ever had notice of any of the Court's orders to show cause or
13 orders imposing sanctions.  At this time, the Court will cease the imposition of daily sanctions
14 against Attorney Hayden.  Moreover, the Court will get to the bottom of how such a lapse in
15 representation and judgment occurred before modifying its orders imposing sanctions.

16      Based on the foregoing, IT IS HEREBY ORDERED that Attorney John Lathrop shall
17 have through **October 17, 2025**, to file a substation of counsel form.  The Court **will not** accept
18 the stipulation and close this case until Attorney Lathrop has done so.  In addition, the Court
19 ORDERS Attorney Lathrop to file a declaration by **October 17, 2025,** regarding whether he is
20 employed by Unite the People, how he came to be employed there and/or on behalf of Plaintiff,
21 and his understanding of what occurred in this matter.

22      The Court ORDERS that Defendants shall have through **October 17, 2025**, to file a
23 declaration containing the contact information for Adrienne Lindsay from Unite the People and
24 any other representative from that law firm that they have been in contact with.

25      The Court STAYS its orders to show cause and orders imposing sanctions (ECF Nos. 36,
26 37, 38) as of the date of this order.  This freezes the financial sanction at $2,000.00.  Until the
27 Court has ensured that Attorney Michael R. Hayden has been afforded notice and an opportunity
28 to be heard, the Court will not impose further sanctions.

1    To that end, the Court ORDERS that the Clerk of the Court shall serve this order, as well
2 as the Court's orders to show cause and orders imposing sanctions (ECF Nos. 36, 37, 38), on
3 Attorney Michael R. Hayden by mail and email.

4    The Court DIRECTS the Clerk of the Court to mail this order and the aforementioned
5 orders to:

Law Office of Michael R. Hayden, PC
335 E Albertoni St, Ste 200
Carson, CA 90746-1427

8    The Court FURTHER DIRECTS the Clerk of the Court to serve this order and the
9 aforementioned orders via email to:

michael@hayden-law.com

11   Finally, the Court ORDERS that Attorney Michael. R. Hayden shall have **through**
12 **October 28, 2025**, to file a response to this order, as well as the orders to show cause and orders
13 imposing sanctions.  Should Attorney Hayden require additional time to respond, he may move
14 the Court provided there is good cause.

IT IS SO ORDERED.

Dated:   **October 10, 2025**

STANLEY A. BOONE
United States Magistrate Judge

4