# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ELMER,<br><br>    Plaintiff,<br><br>    v.<br><br>CHITWOOD, et al.,<br><br>    Defendants. | Case No.  1:24-cv-00871-JLT-SAB<br><br>ORDER REQUIRING ATTORNEY JOHN LATHROP TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT ISSUE FOR FAILURE TO COMPLY WITH THE COURT'S OCTOBER 10, 2025 ORDER<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE THIS ORDER ON ATTORNEY JOHN LATHROP<br><br>(ECF No. 41)<br><br>**SEVEN-DAY DEADLINE** |

Once again, the Court is forced to issue an order to show cause for an attorney's failure to comply with a court order, this time regarding Attorney John Lathrop. On July 31, 2025, the parties filed a notice of settlement. (ECF No. 34.) The Court vacated all deadlines and hearings and set a deadline to file dispositional documents. (ECF No. 35.) As relevant here, Defendants informed the Court that counsel for Plaintiff had changed to Attorney John Lathrop. (ECF Nos. 39, 40.) However, the Court observed that Attorney Lathrop had not made a notice of appearance nor filed a substitution of counsel form. Thus, the Court could not accept a stipulation of dismissal at that time because it was not apparent from the docket that Attorney Lathrop could act on his

1

client's behalf in this Court. (ECF No. 41.)[1]  The Court then directed Attorney Lathrop to file a substitution of counsel form by October 17, 2025. (Id.)  On October 10, 2025, Plaintiff's former attorney, Michael R. Hayden, filed an unopposed motion to withdraw as counsel (as well as responding to the Court's other orders to show cause).  Thus, with the unopposed motion, **it appears that the only impediment for accepting the stipulation of dismissal and closing this case is a notice of appearance from Attorney Lathrop**.[2]

On October 17, 2025, and October 20, 2025, Attorney Lathrop called chambers, leaving voicemails regarding the Court's October 10, 2025 order.  On October 20, 2025, the court room deputy called Attorney Lathrop back and explained to him that with the unopposed motion to withdraw, the only required filing from him was a notice of appearance.  The deputy directed Attorney Lathrop to file a notice as soon as possible—by the end of October 20, 2025.  As of the date of this order, Attorney Lathrop has filed nothing on the docket.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate.  Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000).  The Court shall require Attorney Lathrop to show cause why sanctions should not be issued for the failure to comply with the Court's October 10, 2025 order.

Accordingly, IT IS HEREBY ORDERED that Attorney John Lathrop shall show cause, in writing, within **seven (7) days** from the entry of this order why sanctions should not issue for the failure to comply with the October 10, 2025 order. (ECF No. 41.)  Failure to comply with this order will result in the issuance of sanctions.

///

---

[1] On its own, the Court has reviewed attorney admissions for the Eastern District, and it does not appear that Attorney Lathrop is admitted in this Court.  Should this be correct, Attorney Lathrop will need to file an application to proceed in this Court *pro hac vice*.

[2] The Court will separately dispense with its orders to show cause and imposing sanctions.  Before doing so, the Court has determined to clear this issue up to streamline efforts.

IT IS FURTHER ORDERED that the Clerk of the Court is DIRECTED to serve this order on Attorney John Lathrop to both his physical address as well as his email address on file with the Bar of California.

John Lathrop<br>
7 S Olive Ave, Apt 1<br>
Alhambra, CA 91801-3229<br>
johnmartinlathrop@gmail.com

IT IS SO ORDERED.

Dated: **October 23, 2025**

STANLEY A. BOONE
United States Magistrate Judge