# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ELMER, | Case No. 1:24-cv-00871-KES-SAB |
| Plaintiff, | ORDER DISCHARGING ORDERS TO SHOW CAUSE AS TO ATTORNEY MICHAEL R. HAYDEN AND IMPOSING $500 SANCTION |
| v. | |
| CHITWOOD, et al., | |
| Defendants. | ORDER GRANTING ATTORNEY MICHAEL R. HAYDEN'S MOTION TO WITHDRAW |
| | (ECF Nos. 36, 37, 38, 41, 42) |
| | **DECEMBER 1, 2025 DEADLINE** |

On July 31, 2025, the parties filed a notice of settlement. (ECF No. 34.) The Court vacated all pending dates and set a deadline to file dispositional documents. (ECF No. 36.) The deadline to file dispositional documents passed, and the Court entered an order to show cause, directing Plaintiff to show cause in writing why sanctions should not issue for failure to comply with the Court's August 1, 2025 order that set the deadline. (ECF No. 37.) Plaintiff, who according to the docket was still being represented by Attorney Michael R. Hayden, did not file a response. On September 2, 2025, the Court imposed a $100 sanction for Plaintiff's failure to comply with a court order and to file a response to the order to show cause. (ECF No. 37.) The Court also informed Plaintiff that for each day following September 2, 2025, the Court would

1  impose a $50 daily sanction on Plaintiff and Plaintiff's counsel until dispositional documents
2  were filed. (Id.) Plaintiff failed to pay the $100 sanction and continued to fail to file a response
3  to the order to show cause or file dispositional documents.

4  On October 7, 2025, the Court issued an order of continuing sanctions, an order to show
5  cause, and an order directing Defendants to file a status report. (ECF No. 38.) Specifically, the
6  Court observed Plaintiff's continual failure to respond to the Court's orders and that as of October
7  7, 2025, the amount in sanctions had accrued to $1,850; in light of this amount, the Court directed
8  the Clerk of the Court to report the sanctions on Attorney Hayden to the State Bar of California.
9  (Id.) The Court also ordered Plaintiff's counsel, Attorney Hayden, to show cause in writing why
10 the Court should not recommend that he be disbarred from the Eastern District of California. (Id.)
11 Finally, the Court ordered Defendants to file a status report regarding their communications with
12 Plaintiff's counsel and their understanding of the status of the dispositional documents. (Id.)

13 On October 8, 2025, Defendants filed a stipulation of dismissal; however, the attorney
14 who signed on Plaintiff's behalf was John Lathrop. (ECF No. 39.) In their status report,
15 Defendants informed the Court that Attorney Hayden had informed Defendants on August 19,
16 2025, that he was no longer with the law firm Unite the People, the law firm that represented
17 Plaintiff. (ECF No. 40.) In light of that, Defendants declared that they had been forwarding the
18 Court's orders to the law firm Unite the People, as no other attorney had made an appearance.
19 (Id.) Defendants then were forwarded signed dispositional documents with Attorney Lathrop
20 listed as counsel, which they filed with the Court. (Id.)

21 Concerned that Attorney Hayden may have not received notice of the Court's orders to
22 show cause and imposing sanctions, the Court froze the daily sanctions at $2,000 and directed the
23 Clerk of the Court to serve Attorney Hayden and gave him time to respond to the Court's orders.
24 (ECF No. 41.) The Court also noted that because Attorney Lathrop had not filed a notice of
25 appearance or substitution of counsel form, it did not appear that he could act on his client's
26 behalf. (Id.) Because it appeared that Lathrop worked at the same law firm that Hayden did
27 previously, the Court directed Attorney Lahtrop to file a substation of counsel form. (Id.)

28 On October 10, 2025, Attorney Hayden filed an unopposed motion to withdraw as

2

1 attorney. (ECF No. 10.)  Therein, Hayden explained that he left Unite the People on August 15, 2 2025, and that Unite the People still had access to his email address.  It was Hayden's belief that 3 Unite the People had a duty to secure new local counsel for Plaintiff's representation (or inform 4 Plaintiff that he may seek other representation).  In addition, Hayden formed the Court that he has 5 also been dealing with an ongoing family emergency.

6 As a coda to round out the events that happened, Attorney Lathrop then failed to timely 7 file a substitution of counsel form. (ECF No. 44.)  The Court issued an order to show cause, 8 directing Attorney Lathrop to show cause in writing why sanctions should not issue for failure to 9 comply with the Court's October 10, 2025 order. (Id.)  The Court observed that in light of the 10 unopposed motion to withdraw, all that was required from Lathrop was a notice of appearance. 11 (Id.)  On October 23, 205, Attorney Lathrop filed a notice of appearance and response to the order 12 to show case. (ECF No. 45.)

13 Satisfied that Attorney Hayden has received and responded to the Court's orders to show 14 cause and imposing sanctions, the Court will fashion a sanction that it sees fit under the 15 circumstances.  To begin, the Court notes that California Rule of Professional Conduct 1.16(c) 16 states "[i]f permission for termination of a representation is required by the rules of a tribunal, a 17 *lawyer* shall not terminate a representation before that tribunal without its permission." (emphasis 18 added).  Thus, although Attorney Hayden states that it was, in his view, Unite the People's 19 responsibility to find and replace him as counsel, the California Rules of Professional Conduct 20 regarding withdrawal of counsel apply to the attorney, not the law firm.  And in the Eastern 21 District of California, the Local Rules provide:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared.  The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.  Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules.  The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder.  Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

Local Rule 182(d).[1]

Therefore, notwithstanding Attorney Hayden's belief that the law firm Unite the People remained representing Plaintiff, Hayden had an individual duty to withdraw from the case (or oversee a substitution). Because this Court requires permission to withdraw where it would leave a party *in propria persona*—which would have occurred here—Attorney Hayden was not permitted to withdraw from representation until this Court granted a motion. Indeed, part of the problem of Attorney Hayden not complying with Rule 1.16(c) and Local Rule 182(d) has led to the Court expending precious time on what boils down to the failure to file a stipulation. Going forward, the Corut admonishes Attorney Hayden to comply with Rule 1.16, understanding now that the responsibility applies individually to the attorney and not the law firm.

Given the failure to comply with California Rule of Professional Conduct 1.16(c) and Local Rule 182(d), the Court finds that the imposition of a monetary sanction on Attorney Hayden to still be appropriate. That said, given counsel's explanation, as well as further explanations from Defendants and Attorney Lathrop, the Court finds that a reduced sanction of $500 is suitable. The Court also find this reduction to be warranted because it is clear that the Attorney Hayden did not receive notice of the Court's orders to show cause and imposing sanctions until its October 10, 2025 order.

Turning to Attorney Hayden's unopposed motion to withdraw, the Court finds good cause to grant the motion. In particular, the Court observes that Attorney Lathrop has now made an appearance and granting the motion would not leave Plaintiff *in propria persona*.

Finally, because this order reduces the sanction amount to less than $1,000, the Court will direct the Clerk of the Court to forward this order on the State Bar of California.

///

///

///

---

[1] In addition, the Local Rules provide for substitution of counsel, stating that "[a]n attorney who has appeared in an action may substitute another attorney and thereby withdraw from the action by submitting a substitution of attorneys that shall set forth the full name and address of the new individual attorney and shall be signed by the withdrawing attorney, the new attorney, and the client. All substitutions of attorneys shall require the approval of the Court . . . ." Local Rule 182(g).

Accordingly, the Court HEREBY ORDERS that:

1. The August 25, 2025 (ECF No. 36), September 2, 2025 (ECF No. 37), October 7, 2025 (ECF No. 38), and October 10, 2025 (ECF No. 41) orders to show cause and imposing sanctions are DISCHARGED;

2. Attorney Michael R. Hayden's unopposed motion to withdraw is GRANTED (ECF No. 42);

3. Attorney Michael R. Hayden is ORDERED to pay **$500.00 in sanctions via cashier's check to the Clerk of the Court no later than December 1, 2025**, for his failure to comply with the California Rule of Professional Conduct 1.16(c) and Local Rule 182(d);

4. Attorney Michael R. Hayden shall file a notice **no later than December 1, 2025**, confirming that he has paid the sanction;

5. The Court DIRECTS the Clerk of the Court to forward this order to the State Bar of California;

6. The Court DIRECTS the Clerk of the Court to serve this order on Michael R. Hayden at both his physical address and his email address:

> Law Office of Michael R. Hayden, PC
> 335 E Albertoni St, Ste 200
> Carson, CA 90746-1427
> michael@hayden-law.com

IT IS SO ORDERED.

Dated: __October 27, 2025__

STANLEY A. BOONE
United States Magistrate Judge

5